IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Scott H. MILLARD, attorney at law.

Supreme Court

*No. 80–568–D. Filed August 11, 1980.*
(Also reported in 295 N.W.2d 352.)

*PER CURIAM.* On March 27, 1980, the Board of Attorneys Professional Responsibility (Board) filed with the court a complaint alleging that Scott H. Millard, an attorney admitted to practice in this state since 1975 and who practiced in Delavan, failed to make full and fair disclosure of all facts and circumstances pertaining to possible misconduct in connection with a grievance filed concerning his handling of an estate. The court referred this matter to the Hon. Francis Wendt as referee pur-

suant to SCR 21.09 (1980). Millard and counsel for the Board stipulated to the facts in lieu of a hearing, and the referee filed his findings of fact, conclusions and disposition based on the stipulation.

Early in 1978 Millard was retained to probate the estate of a decedent who died on January 21 of that year. Millard failed to have certain shares of stock reissued in the names of the beneficiaries despite his representations to one of the beneficiaries and to the estate's personal representative that he had. In addition, despite reminders from the judge and the register in probate, the estate was not promptly completed; the inheritance tax return was filed late and interest was assessed in the amount of $122.17; no final income tax return or fiduciary return had been filed in the estate; the final account included an erroneous double deduction for the cost of title insurance in connection with the sale of the homestead, despite Millard's having been informed of the error prior to his filing of the final account; and, as of June 19, 1980, the estate had not been closed.

In March of 1978 Millard was retained to represent a client as plaintiff in an action. During that representation, Millard was consistently unavailable to his client, his phone had been disconnected and he misrepresented to his client that the defendant had defaulted, when in fact an answer and counterclaim were filed and the case was subsequently scheduled for trial.

In October of 1978 Millard was retained to commence a divorce action for a client and was paid a retainer of $181. After a year and three months, his client discharged him and at that time discovered that no petition for divorce had ever been filed nor had been served upon her husband. Millard had misrepresented to her that the court's frequent rescheduling of her divorce hearing was the cause of the delay.

Millard admits that he withdrew from the practice of law some time in December of 1979 without having taken reasonable steps to avoid foreseeable prejudice to the rights of his clients and without giving them appropriate notice.

In his report filed July 16, 1980, the referee concluded that Millard's failure to properly and expeditiously probate the estate constituted neglect of a legal matter in violation of SCR 20.32(3) and that his misrepresentation to the beneficiary and personal representative violated SCR 20.04(4). The referee also concluded that Millard violated SCR 20.32(3) by virtue of his neglect as to the litigation and the divorce matter and that he violated SCR 20.04(4) by the misrepresentations he made to his client in the latter. The referee imposed discipline which we hereby adopt.

It is ordered that the license of Scott H. Millard to practice law in Wisconisn is revoked effective June 19, 1980.

It is further ordered that within 30 days of the date of this order he notify all clients of his discontinuation of the practice of law and make available to them or to their counsel all files and papers in his possession.

It is further ordered that on or before December 31, 1980, he reimburse the personal representative in the Estate of Catherine Oberla for any additional legal fees, interest and assessments incurred to complete the probate of that estate, refund to the divorce client the sum of $201 received by him as a retainer and fees for services he never rendered and present satisfactory proof to counsel for the Board showing compliance with the terms of this order.

It is further ordered that he pay the costs of this proceeding in the amount of $921.56 to the Board of Attorneys Professional Responsibility within one year of the date of this order.